UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALEX JACOBS,

    Plaintiff,                                     CLASS ACTION COMPLAINT

v.

QUICKEN LOANS, INC.,                DEMAND FOR JURY TRIAL
a Michigan corporation,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Alex Jacobs ("Plaintiff") files this Class Action Complaint, on behalf of himself and all others similarly situated (the "Class") against Defendant Quicken Loans, Inc., a Michigan corporation ("Defendant" or "Quicken") and alleges as follows:

## NATURE OF ACTION

1. Defendant violated the Telephone Consumer Protection Act by placing phone calls, using an automatic telephone dialing system or pre-recorded or artificial voice, to the cellular phones of Plaintiff and the Class, without the express consent of Plaintiff and the Class.

2. Plaintiff alleges, individually on behalf of the Class defined below, a violation of his fundamental rights, and those of the Class, under the Telephone Consumer Protection Act, ("TCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331, 47 U.S.C. §227.

4. This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one

member of the Class is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

5. Venue in this District is proper because Plaintiff resides here, Defendant transacts business in this District, and Defendant placed telephone calls to Plaintiff and members of the Class in this District.

## PARTIES

6. Plaintiff Alex Jacobs is a natural person and citizen of the State of Florida, and a resident of Palm Beach County, Florida.

7. Defendant Quicken Loans, Inc., is a Michigan corporation with its principle place of business at 1050 Woodward Avenue, Detroit, Michigan 48226.

## FACTUAL ALLEGATIONS

8. On December 20, 1991, Congress enacted the TCPA to govern and restrict telemarketing activities conducted via phone and facsimile. Congress passed the Act based, in part, on the following findings:

(a) The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.

(b) Over 30,000 businesses actively telemarket goods and services to business and residential customers.

(c) More than 300,000 solicitors call more than 18,000,000 Americans every day.

(d) Total United States sales generated through telemarketing amounted to $435,000,000,000 in 1990, a more than four-fold increase since 1984.

(e) Unrestricted telemarketing, however, can be an intrusive invasion of privacy and, when an emergency or medical assistance telephone line is seized, a risk to public safety.

(f) Many consumers are outraged over the proliferation of intrusive, nuisance calls to

their homes from telemarketers.

(g) The U.S. Constitution does not prohibit restrictions on commercial telemarketing solicitations.

(h) Individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices.

(i) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

(j) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.

(k) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

(l) Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce.

<u>Section 2 of Pub. L. 102-243</u> (Congressional Statement of Findings).

9. As explained by The United States Supreme Court:

> "Unrestricted telemarketing," Congress determined, "can be an intrusive invasion of privacy." TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings) (internal quotation marks omitted). In particular, Congress reported, "[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes." *Ibid.* (internal quotation marks omitted). "[A]utomated or prerecorded telephone calls" made to private residences, Congress found, were rightly regarded by recipients as "an invasion of privacy."

*Mims v. Arrow Financial Services, LLC*, 132 Sup. Ct. 740, 745 (2012)(citations omitted).

10. The TCPA regulates, among other things, the use of automatic telephone dialing systems, which is sometimes called an automated dialer.

11. "Automatic telephone dialing system" and "automated dialer" means, *inter alia*, any equipment that has the "capacity" to dial numbers without human intervention.

12. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of automatic telephone dialing systems to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

13. On or about September 2, 2015, Defendant utilized an automated dialer to initiate a phone call to Plaintiff's cellular phone.

14. On or about September 2, 2015, Defendant utilized an automated dialer to initiate a phone call to Plaintiff's cellular phone for the purpose of soliciting Plaintiff to procure a loan with or through Defendant.

15. Defendant's telephone calls placed using an automated dialer to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Plaintiff never gave Defendant express consent to use an automatic telephone dialing system or pre-recorded or artificial voice to call Plaintiff's cellular phone.

17. Defendant's initiation of this phone call to Plaintiff, using an automatic telephone dialing system, is a per se violation of the TCPA.

18. Plaintiff's experience is not unique.

19. Defendant engages in a practice whereby it obtains information about persons, (defined below as the Class) including but not necessarily limited to their name and telephone number, for the purpose of engaging in telemarketing to such persons for mortgage loans and/or other financial services. Defendant does not obtain from such persons their prior express consent

to use an automatic telephone dialing system or pre-recorded or artificial voice to call their cellular phones, and the calls placed are not for emergency purposes.

20.     Like its calls to Plaintiff, Defendant called the Class' cellular phones, without their express permission and using an automatic telephone dialing system or pre-recorded or artificial voice.

21.     Like its calls to Plaintiff, Defendant's telephone calls placed to the Class's cellular phones using an automated dialer were not for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A), and Defendant did not obtain the prior express consent of the Class to make such calls.

## CLASS ALLEGATIONS

22.     **Class Definition:**   Plaintiff brings this action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and on behalf of all others similarly situated.   Plaintiff seeks to represent the following class:

> all persons within the United States who received a non-emergency telephone call on their cellular telephone initiated by Defendant, or anyone acting on Defendant's behalf, through the use of an automatic telephone dialing system or an artificial or prerecorded voice, for which Plaintiff and the Class did not give prior express consent, from October 6, 2011 through the present.

Plaintiff is a member of, and seeks to represent, the Class. Excluded from the Class are Defendant, and its affiliates, subsidiaries, agents, board members, directors, officers, and/or employees.

23.     Plaintiff reserves the right to modify or amend these proposed Class definition prior and up to the time when the Court determines whether certification is appropriate.

24.     **Numerosity:**   The individual class members are so numerous that joinder of all members is impracticable.   Although the precise number of Class members is presently known

only to Defendant, and thus cannot be ascertained by Plaintiff until the parties conduct discovery, the Class is virtually certain to include thousands or persons (and likely includes a far greater number of persons), a number which is impracticable to consolidate.

25. The identities of the individual class members, including their names and addresses, are readily ascertainable through Defendant's records as the software and hardware used by Defendant, or those acting on Defendant's behalf, to initiate phone calls to Plaintiff and the Class using an automated dialer maintains such data.

26. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

27. **Commonality:** There are questions of law and fact that are common to Plaintiff's and the Class Members' claims. These common questions predominate over any questions that go particularly to any individual member of the Class. Among such common questions of law and fact are the following:

    a. Whether Defendant made calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

    b. Whether Defendant obtained prior express consent from Plaintiff and the Class to call their cellular phones using an automatic telephone dialing system or an artificial or prerecorded voice;

    c. Whether Defendant's calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice were for emergency purposes;

    d. Whether Defendant's conduct was knowing and/or willful;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

Wites & Kapetan, P.A.
4400 North Federal Highway, Lighthouse Point, FL   33064
(954) 570-8989 (phone); (954) 354-0205 (fax)

28. **Typicality:** Plaintiff is a member of the proposed Class and, Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of Defendant's unlawful conduct in calling Plaintiff and the Class, using an automated dialer, or artificial or pre-recorded voice, without their prior express consent and for non-emergency purposes. Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiff as a result of Defendant's wrongful conduct.

29. **Adequacy of Representation:** Plaintiff is an adequate representative for the Class and will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorous prosecution of this action, and has retained competent counsel who are experienced in class action litigation and, in particular, consumer-related class actions. There is no hostility between Plaintiff and the other members of the Classes.

30. Plaintiff has retained the law firm of Wites & Kapetan, P.A. to prosecute this action. The firm is highly experienced in handling class action litigation matters and has the financial and other resources to meet the substantial costs and complex litigation issues inherent in this matter.

31. **Requirements of Fed. R. Civ. Proc. 23(b)(3):** The questions of fact and law in Plaintiff's and the Class' claims predominate over any questions of fact and law applicable to any individual member of the Classes. Due to the nature of the common questions of fact and law, a class action is the superior method for resolving these issues.

32. Specifically, a class action is superior because the issues relating to the Defendant's liability can be resolved on a class-wide basis, leaving only the issues of calculation of each Class member's individual damages.

33. Plaintiff is not aware of any pending litigation concerning these issues brought by any other plaintiff. Due to the size of each Class member's claims, there is no reason to believe that individual Class members would wish to prosecute individual actions.

34. **Superiority:** A class action is superior to individual actions because of the following non-exhaustive factors:

   a. Each Class member's claim may only include one, or perhaps a few, phone calls that violate the TCPA, thus making it impractical for plaintiffs to proceed individually with their claims because it would be financially prohibitive for each Class member to maintain a separate action;

   b. Joinder of the Class members would be impracticable due to the number of anticipated Class members and would create a hardship in the management of the case;

   c. There are no known individual Class members who wish to prosecute their claims on their own;

   d. Resolution of the Class members' claims on an individual basis would run the risk of inconsistent legal rulings and judgments;

   e. The interests of justice would be best served by resolution of all of the Classes' claims in one judicial forum; and

   f. There are no anticipated management problems in handling this matter as a class action.

35. **Requirements of Fed. R. Civ. Proc. 23(b)(1) & (2):** Prosecuting each Class member's claims separately would result in a significant risk of inconsistent legal rulings and/or judgments which would create incompatible standards of conduct for the Defendant.

36. Furthermore Defendant has acted in a similar manner, employing consistent business practices, such that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

37. Plaintiff repeats the allegations set forth in paragraphs 1 through 36 above as if fully restated herein.

38. Defendant, or others acting at its request, placed non-emergency telephone calls to Plaintiff's and the Class' cellular telephones using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

39. Defendant did not obtain the express consent of Plaintiff or the Class to place phone calls to their cellular phones using an automatic telephone dialing system or pre-recorded or artificial voice.

40. Defendant knowingly and intentionally violated the TCPA by placing phone calls to Plaintiff's and the Class' cellular phone using an automatic telephone dialing system or pre-recorded or artificial voice.

41. Plaintiff and the Class seek an injunction to enjoin Defendant's violation of the TCPA. 47 U.S.C § 227 (b)(3)(A).

42. Plaintiff and the Class seek, for each of Defendant's violation of the TCPA, $500 for the respective member of the Class. Plaintiff and the Class also seek for each of Defendant's violations of the TCPA, all of which are willful or knowing, an additional $1,000 for the respective member of the Class, for a total of $1,500 for each of Defendant's violations of the TCPA. 47 U.S.C § 227 (b)(3)(B).

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and the Class against Defendant.

## REQUEST FOR CLASS-WIDE RELIEF

Wherefore, Plaintiff prays for judgment and relief, on behalf of himself and the Class, and against Defendant as follows:

A. Certifying this action as a class action as set forth herein and designating Plaintiffs as the Class Representative of, and his attorneys as class counsel for, the Class described above;

B. Awarding damages, as detailed above, on behalf of Plaintiff and the Class members in an amount to be proved at trial, including but not limited to damages for each of Defendant's violations of the TCPA as to the Class;

C. Entering a PERMANENT INJUNCTION restraining and enjoining Defendant, and Defendant's successors, assigns, officers, agents, servants, employees and any other person in active concert or participation with Defendant, from engaging in the acts or practices complained of herein, in including a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's and the Class' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without their prior express consent;

D. Awarding Plaintiff and the Class all expenses, costs and disbursements incident to the prosecution of this action, including reasonable attorneys' fees; and

E. For such other and further relief as allowed by law and/or as is equitable under the circumstances.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable as a matter of right.

Dated: October 6, 2015

Respectfully submitted,

**WITES & KAPETAN, P.A.**
Attorneys for Plaintiff and the Class
4400 North Federal Highway
Lighthouse Point, FL 33064
954-570-8989/954-354-0205 (fax)
By: **/s/ Marc A. Wites**
    MARC A. WITES
    Fla. Bar No.: 24783
    mwites@wklawyers.com
    CHAD J. ROBINSON
    Fla. Bar No. 56922
    crobinson@wklawyers.com

STEVEN C. HOLZMAN
Fla. Bar No. 667617
scholzman@gmail.com
**LAW OFFICES OF STEVEN C. HOLZMAN**
Attorney for Plaintiff
4400 North Federal Highway
Lighthouse Point, FL   33064
Phone: 561-789-5366