IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ALEX JACOBS,

    Plaintiff,

v.

QUICKEN LOANS INC.

    Defendant.

No. 9:15-cv-81386

**QUICKEN LOANS INC.'S MOTION TO SEAL ITS MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT OF JEFFERY A. HANSEN**

Pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 5.4, this Court's March 6, 2017 Order Sealing Plaintiff's Motion for Class Certification (Dkt. No. 125), this Court's April 6, 2017 Order Sealing Quicken Loans' Memorandum in Opposition to Plaintiff's Motion for Class Certification and Accompanying Evidentiary Appendix (Dkt. No. 132), and this Court's March 31, 2016 Confidentiality Order (Dkt. No. 61) in this matter, Quicken Loans, by and through its undersigned counsel, hereby respectfully requests that this Court enter an Order sealing its Motion to Exclude Portions of the Expert Report of Jeffery A. Hansen ("Motion to Exclude") until such time as the parties have an opportunity to meet and confer on a redacted version of the Motion to Exclude to be made public.[1]

Quicken Loans is submitting, pursuant to Local Rule 5.4, contemporaneously herewith a sealed copy of its Motion to Exclude. Pending the parties' meet and confer, Quicken Loans requests that this Court seal the Motion from the public docket, because it contains information previously sealed by this Court's Order (Dkt. Nos. 125 and 132), as well as confidential and

---

[1] This approach follows and is consistent with the approach approved by this Court with respect to the parties' prior motions to seal. Dkt. No. 125, 132.

proprietary business information of Quicken Loans expressly designated as confidential pursuant to the Confidentiality Order.  Granting the relief sought herein will advance the goals of this Court's prior orders and ensure that sealed information remains so.

In further support of this Motion, Quicken Loans states as follows:

1. On March 6, 2017, this Court granted Plaintiff's Motion to Seal his Motion for Class Certification until such time as the parties propose redacted versions that may be publicly filed.  Dkt. No. 125.  Pursuant to that Order, Plaintiff's Motion for Class Certification as well as exhibits to the Motion for Class Certification, including the Expert Report of Jeffrey A. Hansen, have been sealed.  The parties have met and conferred, but have not yet finalized, redactions to these documents.

2. On April 5, 2017, this Court granted Quicken Loans' Motion to Seal its Opposition Memorandum and Appendix until such time as the parties propose redacted versions that may be publicly filed.  Dkt. No. 132.

3. Quicken Loans' Motion to Exclude contains, discusses, and refers to documents subject to this Court's two seal orders, (Dkt. Nos. 125 and 132) including Plaintiff's Motion for Class Certification, the Expert Report of Jeffrey A. Hansen, and Quicken Loans' Memorandum in Opposition and Evidentiary Appendix.  In order to comply with and advance the purposes of this Court's prior orders sealing these documents, an order sealing Quicken Loans' Motion to Exclude is essential.

4. On March 31, 2016, this Court entered a Confidentiality Order governing the use, dissemination, and filing of confidential information.  The Confidentiality Order permits the parties to designate certain information as confidential using the designation "CONFIDENTIAL-SUBJECT TO CONFIDENTIALITY ORDER" to protect, among other things, "information that

contains and/or reveals trade secrets" and "proprietary business information." Confidentiality Order (Dkt. No. 61) at ¶ 2.

5. The Motion to Exclude also contains, discusses, and refers to the same confidential, trade secret, and/or proprietary business information of Quicken Loans that was the subject of this Court's Confidentiality Order. This includes, for example, transcripts from the depositions of Quicken Loans' team members, each of which has been designated as Confidential pursuant to the Confidentiality Order. These records discuss Quicken Loans' propriety technologies, systems, and business processes. That evidence is essential to Quicken Loans' Motion to Exclude. However, because of the highly confidential nature of that information, its public disclosure would harm Quicken Loans and cause it competitive injury if it was available to its competitors. Ordering that Quicken Loans' Motion remain sealed until the parties may discuss and propose to this Court redactions of this information for public filing, consistent with Court's order granting Quicken Loans' Motion to Seal the Opposition and Appendix (Dkt. No. 132), will allow Quicken Loans to protect its proprietary and confidential business information in a manner consistent with the Confidentiality Order.

6. Separate from the Confidentiality Order and seal orders, good cause exists in this case to depart from the policy that Court filings be public. Although documents filed with this Court are presumptively public (*Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)), courts recognize a number of exceptions to the general rule. *See, e.g.*, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute [and may be denied, for example] where court files might have become a vehicle for improper purposes"); *NXP B.V. v. Research in Motion, Ltd.*, No. 12-cv-498, 2013 WL 4118053, at *2 (M.D. Fla. Aug. 12, 2013) (sealing confidential corporate records).

7. As discussed above, the records submitted as part of and in support of Quicken Loans' Motion to Exclude contain information that, if disclosed, could be used to harm Quicken Loans. There is no public source for these records, which contain confidential, sensitive, and proprietary information. Sealing these records will protect Quicken Loans' business interests.

8. Quicken Loans thus respectfully submits that there is good cause to seal its Motion to Exclude until such time as the parties may confer regarding redactions so that a redacted version may be made public.

WHEREFORE, Quicken Loans requests that this Court enter an Order granting this Motion, and seal Quicken Loans' Motion to Exclude Portions of the Expert Report of Jeffrey A. Hansen until such time as the parties may confer regarding redactions so that a redacted version may be made public.

Certificate of Compliance with Local Rule 7.1(a)(3)

The undersigned certifies that on April 7, 2017, in accordance with Local Rule 7.1(a)(3), counsel for Quicken Loans attempted to confer with attorney Steven Holzman, counsel for Alex Jacobs, but was unable to reach him.

Dated: April 7, 2017                                Respectfully Submitted,

                                                  Quicken Loans Inc.

                                                  By its attorneys,
                                                  /s/ Andrew Kemp-Gerstel
                                                  Andrew Kemp-Gerstel
                                                  LIEBLER, GONZALEZ & PORTUONDO
                                                  44 West Flagler Street
                                                  Courthouse Tower 25th Floor
                                                  Miami, FL 33130
                                                  Tel.: 305.379.0400
                                                  Fax: 305.379.9626
                                                  AKG@lgplaw.com

                                                  Brooks R. Brown (admitted *pro hac vice*)
                                                  W. Kyle Tayman (admitted *pro hac vice*)
                                                  GOODWIN PROCTER LLP
                                                  901 New York Avenue NW
                                                  Washington DC 20001
                                                  Tel.: 202.346.4000
                                                  Fax: 202.346.4444
                                                  bbrown@goodwinlaw.com
                                                  ktayman@goodwinlaw.com

                                                  *Attorneys for Defendant Quicken Loans Inc.*

Dated:   April 7, 2017

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing document, filed on April 7, 2017 through the ECF system, has been sent electronically to all attorneys of record.

/s/ Andrew Kemp-Gerstel
Andrew Kemp-Gerstel
