**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:15-CV-81386-KAM**

ALEX JACOBS,

Plaintiff,

v.

QUICKEN LOANS INC.,

Defendant.

**CLASS ACTION**

**QUICKEN LOANS INC.'S REPLY IN SUPPORT OF ITS MOTION TO
EXCLUDE PORTIONS OF THE EXPERT REPORT OF JEFFREY A. HANSEN**

Plaintiff Alex Jacobs' Opposition—filed out of time—to Quicken Loans' Motion to Exclude Portions of the Expert Report of Jeffrey A. Hansen (Dkt. No. 138) (the "Motion") is entirely unresponsive to and provides no basis (none) to deny the Motion.

First, because the Opposition was filed late without leave of this Court and without providing any good cause for its out-of-time filing, this Court should grant the Motion as unopposed. Pursuant to Local Rule 7.1(c), Jacobs' Opposition was due on April 21—*i.e.*, fourteen (14) days after Quicken Loans served the Motion on April 7. Jacobs, however, filed the Opposition on April 25. Dkt. No. 141. The Opposition contains no good cause or other explanation for its untimely filing. And, before filing the Opposition out-of-time, Plaintiff did not request or obtain leave of this Court to do so or otherwise secure an extension of time. Under these circumstances, this Court should decline to consider the opposition and grant the Motion as unopposed. *See* Local Rule 7.1(c) (untimely opposition is "deemed sufficient cause for granting the motion by default.").

Second, as Quicken Loans demonstrates in the Motion (at 7-8) and Jacobs now admits (Opp. ¶ 2), Hansen's report is of no aid to this Court on the class certification issue. Jacobs now concedes that this Court may evaluate the evidence pertaining to the purported capabilities of Quicken Loans' systems "without reference to Mr. Hansen's report." Opp. at ¶ 2. That concession compels the conclusion that the Motion should be granted, because expert testimony

may only be offered when it would assist the Court. *Estate of Marin-Torres v. Gamo Outdoor USA*, No. 14-22122-CIV, 2016 WL 4051318, at *7 (S.D. Fla. May 4, 2016). Setting that aside, Jacobs and Hansen are wrong about what the record evidence shows. Far from showing that Quicken Loans' systems can identify all prior communications with potential class members over the last 30 years, the extensive record evidence that Quicken Loans put before the Court in support of its Opposition to Class Certification (Dkt. No. 136) demonstrates (indisputably) that Quicken Loans has no such ability absent conducting a host of individualized inquiries across voluminous files and records (electronic and hard-copy). *See, e.g.*, Opp. to Mot. for Class Certification at 2-3 and 10-15. That, of course, is incompatible with class treatment.

Third, the Opposition fails to respond to Quicken Loans' demonstration (Mot. at 4-5) that Hansen's opinion lacks the necessary foundation for expert testimony. Jacobs provides no explanation for Hansen's failure to identify, as required by Rule 702(a), any specialized knowledge or expertise that would qualify him to opine on whether Quicken Loans' databases can be used to identify prior communications. Mot. at 4-5. Jacobs instead concludes that Hansen "has sufficient experience in the area of databases to offer his opinions," and adds the irrelevant (and unestablished) point that "Hansen has extensive experience in compiling lists from data warehouses." Opp. at ¶ 5. In short, Jacobs asks this Court to accept his assurance that Hansen has specialized expertise, even though Jacobs—like Hansen—fails to identify any expertise relevant to the analysis of the capabilities of Quicken Loans' proprietary systems.

Next, Jacobs offers no response to Quicken Loans' demonstration (Mot. at 6-7) that Hansen's report lacks a factual basis because he relied solely on mischaracterized and misstated evidence, none of which addresses his ultimate conclusion about the capabilities of Quicken Loans' systems to identify every prior communication of any kind ever with a putative class member. Ignoring this showing, Jacobs states only that "Mr. Hansen details the information he relied upon to form his opinion." Opp. at ¶ 5. But one *ipse dixit* cannot cure another.

Jacobs also offers no explanation for Hansen's failure to identify his methodology as required by Rule 702(c). Mot. at 8-9. Again, he relies on a conclusory statement: "Mr. Hansen explains in clear detail the basis of his opinion and the methodology he employed." Opp. at ¶ 6. But this conclusion does not identify what methodology (if any) Hansen employed, how he used it, and how it led to his purported opinions, such that this Court may assess whether his opinion is reliable. Indeed, Jacobs offers only a bulk citation to six paragraphs of Hansen's report where

he contends that Hansen explained his methodology. Tellingly, however, the Opposition fails to explain how the cited paragraphs support Jacobs' contention or are sufficient to meet the prerequisites for expert testimony. This is because, as even a cursory review of the paragraphs confirms, they do not. The Opposition's shotgun citation approach thus only spotlights that Hansen's report is devoid of any clear methodology.

Finally, in an attempt to deflect the failings in Hansen's report, Jacobs raises purported discovery issues about Quicken Loans' production of a deposition transcript from another case and an inspection of Quicken Loans' technology. Opp. ¶¶ 3-4. Both complaints are irrelevant to Quicken Loans' Rule 702 challenge to Hansen's opinion and are otherwise without merit. As to the deposition transcript, Jacobs omits that it was produced to him months before the extended deadline for Hansen's report and that his counsel deposed the same witness (Lang) in this case—again, months before the deadline for Hansen's report. And, as to the inspection issue, Jacobs omits that this Court (Matthewman, M.J.) denied his request for an unfettered inspection of Quicken Loans' databases. *See* Dkt. No. 105 at 78:22 – 79:5. He also omits that, with Magistrate Judge Matthewman's assistance and guidance, the parties negotiated and agreed to the scope of the inspection in advance and conducted it as agreed. So, Jacobs' complaint that the inspection of Quicken Loans' calling technology he agreed to and obtained was improperly "limited" cannot withstand scrutiny.

## CONCLUSION

For these reasons, and for those stated in Quicken Loans' Motion to Exclude (Dkt. No. 138) this Court should grant Quicken Loans' Motion and exclude paragraphs 25-33 of the Expert Report of Jeffrey A. Hansen and disregard all references to those paragraphs in Plaintiff's Motion for Class Certification.

Respectfully submitted,

Quicken Loans Inc.

By its attorneys,
/s/ Andrew Kemp-Gerstel
Andrew Kemp-Gerstel
LIEBLER, GONZALEZ & PORTUONDO
44 West Flagler Street
Courthouse Tower 25th Floor
Miami, FL 33130
Tel.: 305.379.0400
Fax: 305.379.9626
AKG@lgplaw.com

Brooks R. Brown (admitted *pro hac vice*)
W. Kyle Tayman (admitted *pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
bbrown@goodwinlaw.com
ktayman@goodwinlaw.com


*Attorneys for Defendant Quicken Loans Inc.*

Dated:   May 1, 2017

## **CERTIFICATE OF SERVICE**

  I certify that the foregoing document, filed on May 1, 2017 through the ECF system, has been sent electronically to all attorneys of record.

/s/ Andrew Kemp-Gerstel
Andrew Kemp-Gerstel
